IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO. 1:25-CR-415-SEG

WARNER KNOWLAND

**UNITED STATES' SENTENCING MEMORANDUM**

The Court should sentence the defendant, Mr. Warner Knowland, to a three-year term of probation. In support thereof, the United States provides the following:

**Factual Background**

In March 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. PSR at ¶ 10. The CARES Act established several new, temporary programs and provided for the expansion of others to address the COVID-19 outbreak. *Id.* at ¶ 11. One of the new loan programs was the SBA Paycheck Protection Program ("PPP"), which was created to help small businesses and self-employed individuals during the pandemic. *Id.* at ¶ 12. In order to receive a PPP loan, a borrower needed to complete a PPP application with an approved lender. *Id.* at ¶ 13. In this case, the defendant submitted two PPP loan applications containing materially false information. *Id.* at ¶ 15.

A third party prepared the defendant's PPP loan applications, which the defendant submitted. *Id.* at ¶ 15. The applications contained multiple false and fraudulent representations, such as gross income, the suggestion of operating a catering business, and fraudulently affirming the truth of statements in the application and supporting documents to induce the lender. *Id.* The application also included a fraudulent Internal Revenue Service (IRS) 2020 Form 1040, Schedule C, Profit and Loss from Business statements. *Id.*

As a result of his fraudulent applications, the defendant was successful in obtaining two PPP loans totaling $49,999. The defendant took advantage of an emergency declaration and the incentive to provide struggling businesses with funds as fast as possible to enrich himself.

### **The Sentence**

The government has no factual or legal objections to the Presentence Investigation Report ("PSR"). The government concurs with Probation's calculation of the applicable United States Sentencing Guidelines ("USSG"), which yielded a total offense level of 9, a criminal history category of I and, thus, a recommended range of 4 – 10 months of imprisonment. PSR ¶¶ 47, 53. The defendant's guideline range falls within Zone B of the Sentencing Table. The government respectfully requests the Court impose a sentence of three years' probation. Additionally, the

government requests that the Court require the defendant pay full restitution to the Small Business Administration ("SBA") in the amount of $49,999 in accordance with his plea agreement and 18 U.S.C. § 3663A(c)(1)(B).

The USSG prescribe that a probationary sentence that falls within Zone B of the Sentencing Table include intermittent confinement, community confinement, or home detention. USSG § 5B1.1(a)(2). However, the USSG are advisory and a Court may impose a different sentence so long as it considers the factors under 18 U.S.C. § 3553(a).

The government submits that a sentence of three years of probation is appropriate given the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct, and the other factors listed in 18 U.S.C. § 3553.

Regarding the nature and circumstances of the offense, the defendant, while working for the federal government, defrauded a federal government program that was designed to help small businesses and self-employed individuals struggling during the COVID-19 Pandemic. These loans were fully backed by the federal government, meaning if a borrower were to default on his or her loan, the government would reimburse the lender. Unfortunately, individuals, such as the defendant, took advantage of this new loan program by submitting false information

in order to receive PPP loans. These programs relied on borrowers submitting truthful information so funds could be provided as fast as possible.

Additionally, regarding the history and characteristics of the defendant, the defendant's lack of criminal convictions, military service, and employment record demonstrate that he is a good candidate for probation. He appears to have a stable homelife and marriage. He has also been fully compliant with pretrial services. PSR at ¶ 6.

For all the foregoing reasons, the government submits that a sentence of three years' probation would be sufficient, but not greater than necessary to comply with the factors of 18 U.S.C. § 3553.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    Lauren Stoia
        *Special Assistant United States Attorney*
        Acting Under Authority Conferred by
        28 U.S.C § 515
        United States Attorney No. 201
        400 N. Tampa St., Ste. 3200
        Tampa, FL 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: Lauren.Stoia@usdoj.gov

**U.S. v. Knowland**                                   **Case No. 1:25-CR-415-SEG**

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, which will send a notice

of electronic filing to the following:

Lynsey Barron, Esq.

Lauren Stoia
*Special Assistant United States Attorney*
Acting Under Authority Conferred by
28 U.S.C § 515
United States Attorney No. 201
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Lauren.Stoia@usdoj.gov